**LINCOLN SQUARE LEGAL SERVICES, INC.** | Fordham University School of Law  150 West 62nd Street, Ninth Floor  New York, NY 10023 | Tel  212-636-6934  Fax  212-636-6923

March 31, 2023

**VIA ECF & EMAIL**
Honorable Richard J. Sullivan
United States Circuit Judge
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *United States v. Waverly Stephens*, 09-CR-59 (RJS)
      SENTENCING MEMORANDUM

Your Honor:

We submit this sentencing letter on behalf of Mr. Waverly Stephens, who will appear before this Court for sentencing on April 17, 2023, following his admission to violating the conditions of his Supervised Release. We respectfully urge the Court to sentence Mr. Stephens to little or no additional time in custody and no additional supervision. He recognizes that he has violated the Court's trust, is deeply ashamed of his conduct, and understands that he needs to address the mental health and substance abuse challenges that have caused him so much trouble. With the recent death of his father, he has come to a life transition; release from supervision will give him the opportunity to move in with his uncle, work on the farm that his father bequeathed him, and restore his ties to a place that will provide stability in the long term.

### Mr. Stephens's Violation of the Court's Trust

Mr. Stephens has never denied or minimized his wrongful conduct. He quickly and unreservedly admitted that he violated the conditions of his Supervised Release by possessing controlled substances, failing to report to probation, and for being unsuccessfully discharged from the Samaritan Village Daytop Residential Program ("Daytop"). The Court is aware of his long struggle with addiction, and despite the extenuating circumstances of his father's passing, Mr. Stephens understands the gravity of his actions and accepts the consequences.

In considering the sentence to be imposed for violations, the Guidelines note that "the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. ch. 7, pt.A.3(b).  Without excusing his behavior, the circumstances of *why* Mr. Stephens engaged in the conduct underlying specifications 5 and 6 are relevant to assess the betrayal of trust.

As the Court knows, following his release from imprisonment on November 3, 2022, Mr. Stephens began treatment at Daytop for his drug addiction. His treatment was disrupted on Christmas Eve 2022 when he learned his father had passed away earlier in the month. Overwhelmed with grief, Mr. Stephens asked for permission to attend his father's funeral, which

was scheduled for December 28.  He was understandably devastated when Daytop staff denied this request to say his final goodbye to the last living member of his immediate family.

After an emotional outburst for which he takes full responsibility, Mr. Stephens was discharged from the program on January 4, 2023, and returned to Harlem.  Under that unique stress, Mr. Stephens succumbed to his illness, and then made the unfortunate decision not to report to probation on January 5, 2023.

**Additional Punishment or Supervision is Not Warranted and Will Not Aid Mr. Stephens's Recovery**

Retribution for Mr. Stephens's violation of the Court's trust is an appropriate consideration.  We urge that the time he has been incarcerated, and the circumstances of that detention, are adequate punishment.  He has paid his debt for the underlying crime and for his violation of the Court's trust.  He now has a different and better path available to him.

Upon his father's passing, Mr. Stephens and his cousin, Alexander Stephens ("Stevie"), jointly inherited the 70-acre family farm near Alton, Virginia.  The situation has brought Mr. Stephens closer to his cousin Stevie and to his uncle, Wayne Jeffries.  These family members eagerly want Mr. Stephens to return home to Virginia where they can support his recovery. *See* Exh. A.  Mr. Jeffries informed counsel that when Mr. Stephens returns home, he can live with Mr. Jeffries.  Mr. Jeffries also expressed that he will help Mr. Stephens obtain a driver's license and access to a car so that he can begin to rebuild his life under the watchful eyes of his uncle, aunt, and cousin.

The Court is reasonably concerned about Mr. Stephens, but he is at most a danger to only himself.  Since his release from the underlying sentence in this case, Mr. Stephens has not engaged in any criminal conduct directed at others or others' property.  Mr. Stephens's battle with addiction is internal and will be best fought with the support of his family.  Unfortunately, the remedies available to the Court are not well suited to address his substance abuse issues and continued supervision could well lead to unproductive and unwarranted punitive interventions.  Probation Officer Mike Nicholson has informed us there are no substance abuse treatment facilities available to him here in New York.

Mr. Stephens's behavior over the last two years highlights the nonlinear path from addiction to recovery.  As the Court knows, recovery often involves repeated failure and new beginnings.  Incarceration may prevent relapse in the short term, but it will also stunt the development of key coping mechanisms that will sustain Mr. Stephens in the long term.  Mr. Stephens will have the best opportunity to succeed once he leaves New York City and returns to Virginia, where he can live and work in a safe environment surrounded by family.

Mr. Stephens has expressed his commitment to establish a lawful lifestyle, both for himself and his family.  The Court can ensure Mr. Stephens has the best opportunity to succeed by not imposing additional supervision and permitting him to move to Virginia to be near his family.

**Conclusion**

We respectfully urge the Court to sentence Mr. Stephens to little or no additional time in custody, to credit the 2 months Mr. Stephens has already been detained since his arrest on February 16, 2023, and to release Mr. Stephens from the supervision.  Such a sentence would meet the demand of retribution for Mr. Stephens's transgressions without exacerbating his battle with substance abuse.  This also recognizes the need for Mr. Stephens to return to his family, and to find direction and structure through working on his farm, far away from New York City.

                                                          Respectfully submitted,

                                                          /s/ Michael W. Martin
                                                          Michael W. Martin
                                                          Ian Weinstein
                                                          Lincoln Square Legal Services, Inc.
                                                          *Attorneys for Waverly Stephens*

On the submission:
    Jessica Lagnado
    Elizabeth Rivera
    Tom Rukaj
    Kaleb Underwood
    *Legal Interns*

Attachment:
    Exhibit A

cc:    **VIA ECF and EMAIL**
       Jane Chong
       Assistant United States Attorney
       Southern District of New York

       **VIA EMAIL**
       Michael Nicholson
       U.S. Probation Officer
       Southern District of New York